UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHELLE M. MILLER,

    Plaintiff,

v.                                                                  CASE No. 8:06-CV-381-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

    Defendant.
_____

O R D E R

The plaintiff in this case seeks judicial review of the denial of her claim for Social Security disability benefits.[2] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

I.

The plaintiff, who was forty-one years old at the time of the administrative hearing and who has a high school education, has worked as a

---

[1]Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted, therefore, for Jo Anne B. Barnhart as the defendant in this suit.

[2]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 14).

cashier, dental assistant, certified nursing assistant, a maintenance person and a home health aide (Tr. 60, 76).  She filed a claim for Social Security disability benefits, alleging that she became disabled due to multiple sclerosis, lower back pain, numbness and tingling on the left side of her body, depression, anxiety, asthma, chronic obstructive pulmonary disease, and hearing difficulty (Tr. 54). The claim was denied initially and upon reconsideration.

    The plaintiff, at her request, then received a de novo hearing before an administrative law judge.  The law judge found that the plaintiff has severe impairments of status post-hysterectomy, chronic obstructive pulmonary disease, fibromyalgia, degenerative disc disease with pain in the back and lower extremities, chronic fatigue syndrome, anxiety and depression (Tr. 23).  He concluded that these impairments limited the plaintiff to a restricted range of sedentary work involving simple, routine and repetitive jobs (Tr. 24).  The law judge included additional restrictions of lifting ten pounds occasionally, standing or walking up to two hours, and sitting up to six hours in an eight-hour work day with the ability to freely alternate between sitting and standing (id.).  He also found that the plaintiff can stoop and climb stairs occasionally, but that she cannot climb ropes, scaffolds, or ladders (id.).

Also, the plaintiff cannot squat, kneel or crawl (id.). The law judge determined that these limitations precluded the plaintiff from returning to past work (Tr. 25). However, based upon the testimony of a vocational expert, the law judge decided that there were jobs in the national economy that the plaintiff could perform, such as a charge account clerk, surveillance system monitor and scale attendant (id.; Tr. 260-61). The plaintiff was therefore found not disabled (Tr. 26, 27). The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff challenges the law judge's decision on three grounds. None of those arguments warrants reversal of the law judge's decision.

A. The plaintiff argues that the law judge failed to comply with Social Security Ruling 00-4p, 2000 WL 1898704 (S.S.A.). That Social Security Ruling is designed to identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by a vocational expert and information in the Dictionary of Occupational Titles ("DOT"). To this end, the Social Security Ruling states that "[w]hen a VE [vocational expert] ... provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE ... evidence and information provided in the DOT." 2000 WL 1898704 *4. The plaintiff contends that the law judge violated the Social Security Ruling because he did not make such an inquiry and thus did not resolve any conflicts.

The plaintiff argues, in this respect, that the law judge's finding of residual functional capacity included a restriction to simple, routine, repetitive work, and that the three jobs the vocational expert identified had a

reasoning level of 3, which the DOT describes as the ability to "apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and to "[d]eal with problems involving several concrete variables in or from standardized situations" (Doc. 16-3, p. 3). The plaintiff argues that the jobs with a reasoning level of 3 are not consistent with simple, routine, repetitive work (Doc. 15-1, pp. 6-7).

Under the circumstances of this case, however, there is no conflict between a requirement of a reasoning level of 3 and a restriction to simple, routine, repetitive work. The reasoning level under the DOT is an aspect of an individual's general educational development (Doc. 16-3, p. 2). The restriction to simple, routine, repetitive work in this case has nothing to do with the plaintiff's educational development. Rather, it arises from the mental impairments of anxiety and depression, which impair the plaintiff's ability to concentrate. Law judges commonly impose a restriction to simple, routine, repetitive work in cases where a claimant's concentration is impaired as a result of depression. The law judge expressly did that here. Thus, the law judge included in his hypothetical question to the expert the limitation "to doing only simple type of work, because of any concentration difficulties, or any pain difficulties" (Tr. 260). The reasoning level of general educational

development is, therefore, simply not related to the restriction to simple, routine, repetitive work.

Moreover, there is no reason to think that the law judge imposed that restriction because he perceived some deficiency in the plaintiff's general educational development. The plaintiff, significantly, is a high school graduate. Moreover, she completed a certified nursing assistant school (Tr. 60), and has been a dental assistant. There is nothing in the law judge's decision that indicates that he considered the plaintiff's general educational development to be impaired and imposed the restriction to simple, routine, repetitive work accordingly.

The lack of a conflict between the restriction to such work and the requirement of reasoning level 3 is clearly shown by the expert's testimony. Thus, the expert did not simply refer by name to the three jobs he thought the plaintiff could perform. Rather, he cited to them by their DOT number (Tr. 260-61). As the Commissioner persuasively argues, the reference to the specific DOT numbers demonstrates that the expert meant the jobs to be an exact match under the DOT with the limitations expressed in the law judge's hypothetical question.

For these reasons, there was not any inconsistency between the DOT and the expert's testimony that needed to be explained pursuant to Social Security Ruling 00-4p. However, even if there were, that inconsistency would not warrant reversal.

The Eleventh Circuit has held that, in the event of a conflict between the testimony of a vocational expert and the DOT, "the VE's testimony 'trumps' the DOT." Jones v. Apfel, 190 F.3d 1224, 1229-30 (11th Cir. 1999), cert. denied, 529 U.S. 1089 (2000). Notably, the court in Jones expressly considered, and rejected, an approach like that set out in Social Security Ruling 00-4p. Id.

The plaintiff argues that Jones is no longer binding because it was decided before Social Security Ruling 00-4p was announced. However, Social Security Ruling 00-4p is neither a statute nor a regulation and therefore does not have the force of law. B.B. on behalf of A.L.B. v. Schweiker, 643 F.2d 1069, 1071 (5th Cir. 1981)("... the agency's ruling does not bind this court ...")[3]; see Holohan v. Massanari, 246 F.3d 1195, 1203 n.1 (9th Cir. 2001);

---

[3] The decision of the former Fifth Circuit is binding precedent. See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc).

Myers v. Apfel, 238 F.3d 617, 620 (5th Cir. 2001); Nicely v. McBrayer, McGinnis, Leslie & Kirkland, 163 F.3d 376, 385 (6th Cir. 1998).

Consequently, Jones is still the governing law on the courts in this circuit. Therefore, the principle remains that the law judge may rely solely upon the testimony of the vocational expert, and thus whether his testimony conflicts with the DOT is immaterial.

In sum, there was no conflict in this case between the expert's testimony and the DOT. However, even if there were, in light of Jones, a reversal would not be warranted.

B. The plaintiff also asserts that the law judge improperly discounts the opinion of treating physician, Dr. Louis J. Radnothy, that the plaintiff is unable to work (Doc. 15-1, pp. 11-12).[4] Thus, Dr. Radnothy scribbled on a prescription note (Tr. 221):

> Above patient has been medically disabled for approximately 1 year due to chronic pain [and] fatigue from chronic fatigue immune deficiency

---

[4] The plaintiff asserts that the law judge erroneously indicates that a nurse practitioner, who also treated the plaintiff at Dr. Radnothy's practice, was the first to diagnose the plaintiff as having fibromyalgia (Tr. 22). However, although difficult to read the signature, it appears that Dr. Radnothy is the one that signed the progress note in question (see Tr. 150). Regardless, even if the law judge is mistaken on this point, it would be inconsequential. Thus, not only did the law judge recognize that Dr. Radnothy diagnosed the plaintiff with fibromyalgia (Tr. 23), but he also found that the plaintiff has a severe impairment of fibromyalgia.

> syndrome and fibromyalgia. She is unable to work[.]

Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not affording them such weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or when the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

The law judge discounted Dr. Radnothy's conclusory opinion. In this respect, he explained (Tr. 24-25):

> The undersigned has also noted the summary statement by Dr. Radnothy in December 2003 that the [plaintiff] was disabled by her impairments but given it also little credit given the absence of functional limitations attached to his overall finding, the inconsistency of the claimant's treatment and the lack of support provided by the overall record.

As indicated, the fact that the opinion was merely a "summary statement" is enough to justify discounting it. Moreover, the law judge appropriately noted that the statement was unaccompanied by any functional limitations. Consequently, Dr. Radnothy's opinion was unsubstantiated, and the law judge

-10-

could reasonably reject it. Osborn v. Barnhart, 2006 WL 2447683 at **11-13 (11th Cir. 2006)(unpub. dec.).

In addition, the law judge said that Dr. Radnothy's opinion that the plaintiff was totally disabled was contradicted by the inconsistency of the plaintiff's treatment and the lack of support for such an opinion in the overall record. The law judge could reasonably conclude that these factors also support his determination to discount Dr. Radnothy's opinion.

Further, while the progress notes from Dr. Radnothy's practice demonstrate that the plaintiff has been treated for fatigue and pain, those treatment notes do not state any functional limitations that were imposed by the doctor (see, e.g., Tr. 150, 152, 154, 155, 156, 157, 242, 244). Indeed, on the same day that Dr. Radnothy opined that the plaintiff was disabled, his treatment notes state (Tr. 243):

> Some back [and] hip pain - fatigue - [patient] states she has been disabled for over 1 year [and] is seeking [Social Security] disability[.]

Thus, Dr. Radnothy appears to have based his disability determination, not on any objective medical findings, but on the plaintiff's own statement that she is disabled. Accordingly, the law judge was entitled to discount Dr. Radnothy's opinion that the plaintiff is disabled.

The plaintiff also asserts that the law judge should have recontacted Dr. Radnothy to clarify his opinion (Doc. 15-1, pp. 12-13). The plaintiff's argument is meritless.

> The regulations provide (20 C.F.R. 404.1512(e)):
>
> (e) Recontacting medical sources. When the evidence we receive from your treating physician ... is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision.
>
> (1) ... We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques.

Under this regulation, the threshold for recontacting the physician is that the evidence received is inadequate for a disability determination. Under the plaintiff's theory, the law judge would be required to recontact a physician every time he concluded that the doctor's opinion should be discounted. There is no such requirement in Social Security law. To the contrary, the law, as indicated, provides that a treating physician's opinion may be discounted when it is not bolstered by the evidence, the evidence supports a contrary finding, or when the opinion is conclusory or inconsistent

with the physician's own medical records. See Lewis v. Callahan, supra, 125 F.3d at 1440. This case did not involve a situation where the law judge thought that he lacked information upon which to make a determination regarding whether the plaintiff is disabled, but rather involved a situation where the law judge concluded that the doctor's opinion was not credible. The law judge, therefore, did not err because he did not contact Dr. Radnothy to ask him to substantiate his opinion. Osborn v. Barnhart, supra, 2006 WL 2447683 at **13-14.

C. In her final argument, the plaintiff asserts that the law judge erred in his credibility determination (Doc. 15-1, pp. 14-16). This contention does not support reversal.

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective complaints. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

If the law judge determines that, under this test, the subjective complaints are not supported by the objectively determined medical condition, then the subjective complaints cannot be the basis for a finding of disability and the law judge need not assess the credibility of those complaints. He must, however, provide an adequate explanation for the determination in order to permit, upon judicial review, an assessment whether the proper standard was applied and whether the finding is supported by substantial evidence. See, e.g., Walker v. Bowen, 826 F.2d 996, 1004 (11th Cir. 1987); Johns v. Bowen, 821 F.2d 551, 556 (11th Cir. 1987).

If, on the other hand, the law judge determines that there is objective medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985). In other words, this credibility finding must be explained. Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988); Walker v. Bowen, supra, 826 F.2d at 1004.

The law judge recognized the need to articulate a credibility determination and referred to the regulation and Social Security Ruling

governing such determinations (Tr. 23), thereby demonstrating that he applied the Eleventh Circuit pain standard. Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002). Moreover, the law judge considered the plaintiff's various complaints and set forth several reasons for discounting, at least to some extent, the plaintiff's subjective allegations (Tr. 23-24). Notably, the law judge did not totally reject the plaintiff's subjective complaints, but rather concluded that the plaintiff had severe restrictions that limited her to some types of sedentary work. The law judge only rejected the allegations of total disability.

The law judge considered several factors which, taken together, support the credibility determination. In this respect, the law judge discussed in detail the plaintiff's medical history (Tr. 22-23). The law judge considered further the plaintiff's daily activities (Tr. 23-24). The law judge, moreover, pointed to the plaintiff's failure to pursue treatment for lengthy periods of time even though she had access to medical care through Medicaid, which is an indication that the plaintiff's condition was not as disabling as she said (Tr. 24). The plaintiff objects to the law judge's consideration of her daily activities and her failure to seek treatment.

It is appropriate, of course, for the law judge to consider the plaintiff's daily activities in making his credibility determination. See Wilson v. Barnhart, supra, 284 F.3d at 1226; Macia v. Bowen, 829 F.2d 1009, 1011 (11th Cir. 1987). Indeed, the regulations direct that a plaintiff's daily activities be considered with respect to complaints of pain. 20 C.F.R. 404.1529(a).

The plaintiff contends that her testimony at the hearing shows that her daily activities will not support a finding that she is not disabled. However, the law judge did not rely upon that evidence in finding what daily activities the plaintiff can perform, but rather relied upon the plaintiff's "own allegations to several examining doctors" (Tr. 23; see Tr. 160 ("Is independent for activities of daily living"); Tr. 163-64). In other words, there was a conflict in the evidence regarding the plaintiff's daily activities. The law judge, in the exercise of his authority, resolved that conflict, finding that the plaintiff "can lift up to 10 pounds, that she can cook, wash dishes, vacuum, drive and go shopping, and that she, likewise, can watch television for several hours a day, read magazines, talk to friends on the phone" (Tr. 24). He added that "[t]hese are not activities that a person with the severe and persistent back pain [the plaintiff] has alleged would reasonably be able to do" (id.).

Accordingly, the law judge found that these activities "are compatible with restricted sedentary work" (Tr. 24).

Moreover, the law judge bolstered his credibility determination by pointing out that, "despite the alleged severity of her symptoms the [plaintiff] has gone lengthy periods of time without treatment even though she had access to medical care through Medicaid" (id.). The plaintiff asserts that the law judge should not have used her lack of treatment to undermine her credibility because she was no longer entitled to medical care through Medicaid. However, as indicated, the law judge only considered her failure to obtain treatment during the time she was covered by Medicaid. He could reasonably conclude that the failure to obtain treatment during that period contradicted claims of incapacitating pain and other symptoms.

For these reasons, the law judge's credibility determination is reasonable and supported by substantial evidence. Importantly, under the substantial evidence standard, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

This principle would seem to apply rigorously to a credibility determination in light of the law judge's opportunity to assess the plaintiff's demeanor.

IV.

For the foregoing reasons, the decision of the Commissioner is supported by substantial evidence and does not contain any reversible error. Therefore, the Commissioner's decision is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

IT IS SO ORDERED.

DONE and ORDERED at Tampa, Florida, this <u>14th</u> day of March, 2007.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE